# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JUDITH A. HAYES, INDIVIDUALLY AND O/B/O MILDRED CORNER COTTON | CASE NO. 1:21cv330 |
| PLAINTIFFS | |
| v. | JUDGE DAVID C. JOSEPH |
| NATCHITOCHES NURSING AND REHABILITATION CENTER, LLC, KACEY MASTERS, AND MIRANDA GREEN | MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES |
| DEFENDANTS | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Judith A. Hayes, Individually and On Behalf Of the Estate of Mildred Corner Cotton, submits with this Notice[1] a recent federal district court decision that has remanded back to state court a case that had been removed by defendants to federal district court on Public Readiness and Emergency Preparedness Act ("PREP Act") grounds. This decision and order is relevant to issues raised by Plaintiff's Motion to Remand, currently pending before the Court, as well as by Defendants' response thereto. *See* Electronic Court File ("ECF") Docs. 9 and 9-1.

*Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCx), 2021 U.S. Dist. LEXIS 58410 (C.D. Cal. Mar. 26, 2021), attached as **Exhibit A** to this Notice, was rendered a few

---

[1] While neither the Federal Rules of Civil Procedure nor the Local Civil Rules for this Court provide much procedural guidance for the filing of supplemental authority, the Federal Rules of Appellate Procedure do offer such instruction. *See* Fed. R. App. P. 28(j) (providing that the succinct explanatory text accompanying supplemental citations: "must not exceed 350 words"; may not raise new arguments but must instead refer to "the page of the brief" where the point of law for which the supplemental citation is offered was previously raised; and that "[a]ny response must be made promptly and must be similarly limited"). Plaintiff has attempted in good faith to use this limitation as a guide in filing this Notice.

days ago by a federal district court in California.  In *Stone*, the court concluded that PREP Act defenses failed to confer federal subject-matter jurisdiction.[2] The *Stone* court expressly rejected defendant's complete preemption argument[3], rejected defendant's alternative theory of subject-matter jurisdiction (i.e., the *Grable* "embedded federal question" argument)[4], and ultimately remanded the case back to state court, denying as moot defendant's pending motion to dismiss. *Id.* at *22. Notably, with regard to defendant's reliance on the HHS general counsel's January 8, 2021 Advisory Opinion and the HHS Secretary's Fourth Amendment, the *Stone* court "agree[d] with and adopt[ed] the analysis of *Dupervil*, 2021 U.S. Dist. LEXIS 20257, 2021 WL 355137, at *14 and *Estate of Jones*, 2021 U.S. Dist. LEXIS 43876, 2021 WL 900672, at *6-7, and conclude[d] that the HHS Secretary's and the OGC's interpretations of [the] Court's jurisdiction under the PREP Act [were] not entitled to deference and lack[ed] the 'power to persuade.'" *Id.* at *20.[5]

**Respectfully submitted,**

__/s/Robert L. Salim_____
Robert L. Salim
SALIM-BEASLEY LLC
LA Bar Roll #11663
1901 Texas Street

---

[2] As in the case at bar, the plaintiff in *Stone* raised state-law claims of negligence, wrongful death, and medical malpractice on behalf of a resident and patient at defendant's skilled nursing facility, and defendant argued that the case was removable to federal court on PREP Act preemption grounds.

[3] *See Stone* at *10-*18.  In so finding, the court specifically noted that "[i]n this case, Plaintiff does not allege that Decedent's death was causally connected to the administration or use of any covered countermeasure. Instead, Plaintiff alleges 'precisely the opposite' — that it was inaction, rather than action, by Defendant that caused Decedent's death." *Id.*  at *12 (citations omitted).

[4] *See Stone* at *18-*20 (rejecting defendant's second federal subject matter jurisdiction argument, advanced under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005), on grounds that the PREP Act issues in the case were raised by way of *defense*, not via plaintiff's complaint).

[5] *See also Id.* at *18 (adopting analysis of *Dupervil*, *Estate of Jones*, as well as additional authorities including report and recommendation adopted by 2021 U.S. Dist. LEXIS 43222, 2021 WL 886217 (D. Or. Mar. 8, 2021), and *Evon Smith v. Colonial Care Center, Inc*., 2021 U.S. Dist. LEXIS 53554, 2021 WL 1087284, at *6 (C.D. Cal. Mar. 19, 2021)).

Natchitoches, LA 71457
(800) 491-1817 TELEPHONE
(318) 354-1227 FAX
Attorney for Plaintiffs

Ronald J. Miciotto
LA Bar Roll #07540
Holland J. Miciotto
LA Bar Roll #37561
628 Stoner Avenue
Shreveport, Louisiana 71101
(318) 424-0200 TELEPHONE
(318) 424-3730 FAX
Attorneys for Plaintiffs

Robert E. Piper, Jr.
LA Bar Roll #10552
1515 Poydras Street
Suite 1040
New Orleans, LA 70112
(504) 371-5550 TELEPHONE
(504) 525-6272 FAX
Attorney for Plaintiffs

T. Taylor Townsend
La. Bar Roll #20021
320 St. Denis Street
Post Office Box 784
Natchitoches, Louisiana 71458-0784
(318) 238-3612 TELEPHONE
(318) 238-6103 FAX
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day filed the foregoing document with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to counsel of record.

This the _30th_ day of ___March_____2021.

/s/Robert L. Salim